## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. SIMPSON. (No. 3008.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 8, 1925. Rehearing Denied Dec. 20, 1925.)

1. Railroads ⬅︎324(3)—Crossing held not obscured within statute limiting speed of automobile.

View of railroad crossing was not obscured within meaning of Vernon's Ann. Pen. Code Supp. 1918, art. 820l, relative to speed of automobile in approaching crossing, where such crossing as passageway over track, could be plainly seen by driver of automobile in open straight street, crossing railroad at right angles.

2. Railroads ⬅︎324(1) — Contributory negligence at crossing determined by circumstances.

Where accident occurred at railroad crossing, and Vernon's Ann. Pen. Code Supp. 1918, art. 820l, relative to speed of approaching automobile did not apply, issue of contributory negligence would be determined upon whether common prudence was used under the circumstances.

Appeal from Smith County Court; D. R. Pendleton, Judge.

Suit by J. B. Simpson against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

The appellee brought the suit to recover damages alleged to have been sustained by him, in injury to his person and in the destruction of his automobile, when the locomotive of an on-coming freight train struck his automobile on a grade crossing in the city of Tyler. Appellee was driving an automobile, going west, along Erwin street. Erwin street, running east and west, crosses the railway track in the city of Tyler. The railway track runs north and south. On the north side of the said street, and adjoining the east side of the railway right of way, are situated several brick buildings, an office building, and a high wall. On account of these buildings, a person immediately approaching the crossing from the east, going west, cannot see on his right and down the track from the crossing an on-coming train

---

from the north, going south, until he is within about 30 feet of the track. He can plainly see the crossing ahead of him, but he cannot see the railway track extending north from the crossing until he reaches the right of way of the railway company. The automobile and the train met at the same time on the crossing, and the collision caused damage to the automobile and a slight injury to appellee's hand.

The appellee relied on the following grounds of negligence: (1) Failure to give the statutory warning by ringing the bell and blowing the whistle at a point 80 rods from the crossing; (2) running the train at a rate of speed in excess of 6 miles an hour, in violation of an ordinance making it a misdemeanor to run a locomotive at a greater rate of speed than 6 miles an hour in the city; and (3) negligent failure on the part of the operatives of the locomotive to keep a lookout for persons about to use and pass over the crossing. The appellant specially pleaded that the appellee was guilty of contributory negligence in that: (1) he was driving at such high rate of speed that he was not able to stop in time to avoid the collision. (2) He failed to stop, look, and listen. (3) He failed to comply with the Penal Code, art. No. 820*l*, requiring a person to reduce the rate of speed of an automobile to not exceeding 6 miles an hour at a point not less than 30 feet from where the street crosses the railway track, the crossing in suit being obscured within the meaning of the said statute. (4) The brakes on the automobile the appellee was driving were so defective and out of repair that, when applied, they would not stop or hold the automobile. (5) He so carelessly and negligently operated the automobile as not to be able to control and stop it in approaching the crossing.

The evidence is conflicting respecting the care used by the operatives of the locomotive in approaching the crossing, and as to the rate of speed of the train, and as to the care used by the appellee in approaching the crossing, the condition of his automobile, and the rate of speed at which he was driving.

The case was submitted to the jury on special issues, and they made findings of fact as follows: (1) That the operatives of the train did ring the bell at least 80 rods from the crossing, and continued to ring it until the crossing was reached, but (2) the train was operated at a rate of speed in excess of 6 miles an hour, and (3) the operatives of the train failed to use reasonable care to keep a lookout to discover persons approaching the crossing from the east, and (4) the appellee was not guilty of contributory negligence.

Marsh & McIlwaine, of Tyler, for appellant.

Butler, Price & Maynor, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellant requested, and the court refused to give, the following:

"Did the plaintiff, on the occasion in question, before attempting to make the crossing, and at least 30 feet distant therefrom, reduce the rate of speed of the automobile to not exceeding 6 miles an hour?"

It is contended that there was error in refusing to submit the above as a special issue, because the violation of the law was pleaded, and because the undisputed evidence shows that the view of the crossing was obscured within the meaning of article 820*l* of the Penal Code (Vernon's Ann. Pen. Code Supp. 1918), and there was evidence that appellee failed to comply with its provisions. The evidence is conflicting as to whether appellee reduced the rate of speed of the automobile to 6 miles an hour before attempting to make the crossing. But the question is, Was "the view of said crossing obscured, either wholly or partially," within the meaning of the above article of the Penal Code? As heretofore determined by this court, the act, in virtue of its terms, does not apply where the crossing itself, as a passageway over the track, can be plainly seen by the driver of the automobile, in an open, straight street crossing the railway track at right angles. Railway Co. v. Mallard (Tex. Civ. App.) 262 S. W. 789. In that case the railway track ran north and south, the street ran straight east and west, crossing the railway track at right angles, and the appellee could plainly see the crossing ahead of him for quite a distance. The weeds that grew along the right of way on his left did not in any way hinder his seeing the crossing or "intersection of the railway and road" directly ahead of him. In the case of Ry. Co. v. Singletary (Tex. Civ. App.) 251 S. W. 325, quite a different state of facts appears. In this latter case, the road or street "parallels the railway a mile or more before turning at right angles across the track. The highway paralleling the railway turned sharply both to the right and left opposite the place of the accident." The deceased in that case could not see the crossing, as a passageway, until he "turned sharply east and undertook the crossing," 50 feet east of the turn of the public road.

[2] The instant appeal is ruled by the Mallard Case, supra, since the railway track runs north and south and the street runs straight east and west, crossing the railway track at right angles. The brick buildings located on the appellee's right did not, for some distance, in any way prevent him from plainly seeing the crossing, as a passageway, ahead of him. Therefore the issue of contributory negligence would be determined, not upon the violation of a penal statute, but upon whether or not common prudence was used by appellee under the circum-

stances. The court charged the jury that it was appellee's duty, in approaching the crossing, to exercise ordinary care to discover approaching trains, and that, if he could have discovered the approaching train by slowing down, or looking and listening, the failure to do so would be contributory negligence.

We have considered all the points, very clearly presented for review, and think that reversible error does not appear in the record.

The judgment is affirmed.